# EXHIBIT A

## Case Information

DC-22-04750 | YOLANDA MARQUEZ vs. ALLSTATE TEXAS LLOYDS

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-04750 | 162nd District Court | MOORE, MARICELA |
| File Date | Case Type | Case Status |
| 05/04/2022 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
MARQUEZ, YOLANDA

Active Attorneys▼
Lead Attorney
HODGE, SHAUN W
Retained

DEFENDANT
ALLSTATE TEXAS LLOYDS

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

Active Attorneys▼
Lead Attorney
ALLEN, DAVID G
Retained

## Events and Hearings

05/04/2022 NEW CASE FILED (OCA) - CIVIL

05/04/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

05/04/2022 ISSUE CITATION ▾

ISSUE CITATION- ALLSTATE TEXAS LLOYD S

05/04/2022 JURY DEMAND

06/15/2022 CITATION▾

Served
06/16/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
06/21/2022
Comment
ALLSTATE TEXAS LLOYD'S

06/21/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - ALLSTATE TEXAS LLOYDS

   Comment
   EXECUTED CITATION - ALLSTATE TEXAS LLOYDS

07/08/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT ORIGINAL ANSWER ALLSTATE TEXAS LLOYD'S

## Financial

MARQUEZ, YOLANDA

| | Total Financial Assessment | | | $368.00 |
| | Total Payments and Credits | | | $368.00 |
| 5/9/2022 | Transaction Assessment | | | $368.00 |
| 5/9/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 27787-2022-DCLK | MARQUEZ, YOLANDA | ($231.00) |
| 5/9/2022 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION- ALLSTATE TEXAS LLOYD S

EXECUTED CITATION - ALLSTATE TEXAS LLOYDS

DEFENDANT ORIGINAL ANSWER ALLSTATE TEXAS LLOYD'S

FILED
5/4/2022 2:01 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

1 CIT-ESERVE Case 3:22-cv-01495-E   Document 1-1   Filed 07/12/22   Page 5 of 24   PageID 9

DC-22-04750

CAUSE NO. _____

| | | |
|---|---|---|
| **YOLANDA MARQUEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | 162nd |
| | § | |
| | § | |
| **v.** | § | _____**JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **ALLSTATE TEXAS LLOYD'S,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| *Defendant* | § | |

---

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Yolanda Marquez (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Allstate Texas Lloyd's ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff's, Yolanda Marquez, is an individual domiciled in Dallas County, Texas.

3.    Defendant, Allstate Texas Lloyd's, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent at **CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.**

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $140,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5.      The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.      Venue is proper in Dallas County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.      Plaintiff is the owner of Texas insurance policy 000929941676 (hereinafter the "Policy"), which was issued by Defendant.

8.      Plaintiff owns the insured property, which is specifically located at 1114 Melbourne Ave., Dallas, TX 75224 (hereinafter the "Property").

9.      Defendant sold the Policy insuring the Property to Plaintiff.

10.     On or about March 22, 2021 a wind/hailstorm caused extensive damage to the insured Property.

11.     Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event.  Upon information and belief, Defendant assigned number 0607937372 to the claim.

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant inspected the property and did not issue a payment to Plaintiff for the damages. Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

14.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

15.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

16.     To date, Defendant continues to delay in the payment for the damages to the property.  As such, Plaintiff have not been paid in full for the damages to the Property.

17.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by the Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

18. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

19. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

22.   Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

23.   Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

24.   Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

25.   Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

26.   From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably

clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

28.     As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

30.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

31.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

32.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

33.     The Defendant's breach proximately caused Plaintiff's injuries and damages.

34.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

35.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff's material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.    Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.    The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

43.    Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

44.    Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45.    Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

46.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

48.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

49.     Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

50.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

51.     Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

52.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

    a)     Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    b)     Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c)     Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)      Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)      Violated the provisions of the Texas Insurance Code described herein.

53.     The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

54.     Defendant is liable to Plaintiff for common law fraud.

55.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

56.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

57.     The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance

in accepting the denial and/or underpayment.   Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

58.   Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.   Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff have incurred in the past and will incur in the future.   There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.   From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

59.   Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

60.   The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

61.   For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

62.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times actual damages.  TEX. INS. CODE §541.152.

63.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

64.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

65.   For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

66.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

67.   For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

68.    Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

69.    Plaintiff's request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

70.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

[Signature Page to Follow]

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
Racchel Cabrera
Texas Bar No. 24109093
rcabrera@hodgefirm.com
The Hodge Law Firm, PLLC
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendal McLaughlin on behalf of Racchel Cabrera
Bar No. 24109093
kmclaughlin@hodgefirm.com
Envelope ID: 64186649
Status as of 5/9/2022 5:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethscheider@hodgefirm.com | 5/4/2022 2:01:58 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 5/4/2022 2:01:58 PM | SENT |
| Racchel Cabrera | | rcabrera@hodgefirm.com | 5/4/2022 2:01:58 PM | SENT |
| Shaun WHodge | | shodge@hodgefirm.com | 5/4/2022 2:01:58 PM | SENT |
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 5/4/2022 2:01:58 PM | SENT |

FILED
6/21/2022 8:48 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**   **ALLSTATE TEXAS LLOYD'S**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

   Said Plaintiff being **YOLANDA MARQUEZ**

Filed in said Court  **4th day of May, 2022** against

**ALLSTATE TEXAS LLOYD'S**

For Suit, said suit being numbered **DC-22-04750,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies
this citation. If this citation is not served, it shall be returned unexecuted.

   WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office  **on this the 15th day of June, 2022**

   ATTEST: FELICIA PITRE,
   Clerk of the District Courts of Dallas County, Texas


   By _____, Deputy
   **TERESA JONES**



**OFFICER'S RETURN**

Cause No. DC-22-04750

Court No.: 162nd District Court

Style: YOLANDA MARQUEZ
vs.
ALLSTATE TEXAS LLOYD'S

Came to hand on the _____15_____ day of ____June____ , 20__22__ , at __159 PM__

Executed at _1999 Bryan St Suite 900, Dallas, TX 75201_ , within the County of_Dallas_

_1047_ o'clock _A_ .M. on the _16_ day of _June_ , 2022

by _____ delivering _____ to _____ the _____ with

All State Texas Lloyd's, to CT Corporation Sustm to intake

Specialist Terri Thongsavat

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having
delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as
witness my hand.

For serving Citation $_____ _____ PSC1574 exp co/21/23

For mileage $_____ of _Dallas_ County, _Texas_

For Notary $_____ By_____

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said___ _Caleb Malone_ ___ before me this _16_ day of _June_

20 _22_, to certify which witness my hand and seal of office.

_BA Pall_

Notary Public _Dalla_ , C

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 06-01-2024
Notary ID 129009133

FILED
7/8/2022 4:44 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:22-cv-01495-E   Document 1-1   Filed 07/12/22   Page 22 of 24   PageID 26

## CAUSE NO. DC-22-04750

| | | |
|---|---|---|
| YOLANDA MARQUEZ, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 162ND JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Allstate Texas Lloyd's ("Defendant") in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and in support thereof would respectfully show the Court as follows:

## I.

## GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and Defendant demands strict proof thereof by a preponderance of the evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that the Plaintiff take nothing against Defendant, that Defendant be awarded costs, and for such other and further relief, both at law and in equity, special and general, to which Defendant Allstate Texas Lloyd's is justly entitled to receive.

**DEFENDANT'S ORIGINAL ANSWER**                                                         **Page 1**

Respectfully submitted,

**DAVID ALLEN LAW GROUP, PLLC**


By:        /s/ *David G. Allen*
           David G. Allen
           State Bar No.: 00786972
           allen@dallenlg.com
           Brian G. Saucier
           State Bar No. 24037436
           saucier@dallenlg.com

12222 Merit Drive, Suite 1200
Dallas, Texas 75251
(214) 748-5000 (Telephone)
(214) 748-1421 (Facsimile)

**ATTORNEYS FOR DEFENDANT**


**<u>CERTIFICATE OF SERVICE</u>**

      I certify that a copy of this document was served this 8th day of July, 2022 upon all counsel of record pursuant to the Texas Rules of Civil Procedure.


            /s/*David G. Allen*
            David G. Allen


CJW/PLDG/688618.1/000003.22308

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy White on behalf of David Allen
Bar No. 00786972
white@dallenlg.com
Envelope ID: 66162255
Status as of 7/11/2022 8:37 AM CST

Associated Case Party: YOLANDA MARQUEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shaun Hodge | 24052995 | shodge@hodgefirm.com | 7/8/2022 4:44:25 PM | SENT |

Associated Case Party: ALLSTATE TEXAS LLOYDS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian Saucier | | saucier@dallenlg.com | 7/8/2022 4:44:25 PM | SENT |
| Amalia Perez | | perez@dallenlg.com | 7/8/2022 4:44:25 PM | SENT |
| David GAllen | | Allen@dallenlg.com | 7/8/2022 4:44:25 PM | SENT |